UNITED STATES, Appellee

v

VERNON M. CHATMAN, Staff Sergeant,
U. S. Air Force, Appellant

10 USCMA 262, 27 CMR 336

No. 12,548

Decided March 6, 1959

*Lieutenant Colonel Sam F. Carter* and *Captain Norman K. Hogue* were
on the brief for Appellant, Accused.
*Lieutenant Colonel Robert W. Michels* and *Lieutenant Colonel James R.
Thorn* were on the brief for Appellee, United States.

## Opinion of the Court

PER CURIAM:

After completion of review by intermediate appellate authorities, accused stands before us convicted of wrongful appropriation, a violation of Article 121, Uniform Code of Military Justice, 10 USC § 921. The sole issue upon which we granted accused's petition for review concerns the punishment, and the following recitation of facts is sufficient for the determination of the assigned error. The special court-martial convicted accused of larceny and announced the following sentence:

"To be discharged from the service with a bad conduct discharge, to forfeit two-thirds pay per month for three (3) months, and to be confined at hard labor for three (3) months."

Some eighteen days later, the convening authority promulgated his action. He affirmed only the lesser included offense of wrongful appropriation, reduced the amount of the forfeitures, and suspended execution of the punitive discharge and the adjudged confinement with a provision for automatic remission. He also included this order:

". . . The accused will be reduced to the grade of Airman First Class unless the suspension of that portion of the sentence adjudging bad conduct discharge and confinement at hard labor is vacated, in which event, the accused, at that time, will be reduced to the lowest enlisted grade without further action."

Subsequent actions by the officer exercising general court-martial jurisdiction and the board of review have had no effect on the reduction in grade.

In United States v Simpson, 10 USCMA 229, 27 CMR 303, the sentence imposed by the court-martial did not expressly include any reduction. The action by the convening authority in that case provided for accused's reduction from Technical Sergeant to Airman First Class in like fashion to the case at bar. This Court there held that the action by the convening authority reducing the accused in grade must be set

**262**

aside, for it operated "improperly to increase the severity of the sentence of the court-martial." The facts of the case at bar are identical in legal effect to those of United States v Simpson, supra. Indeed, counsel for the respective parties in the instant appeal concede that it is indistinguishable from that case. Accordingly, it follows that the action by the convening authority reducing accused in grade must be set aside.

The decision of the board of review as to the sentence is, therefore, reversed, and the record is remanded to The Judge Advocate General of the Air Force for further action consistent with this opinion.